Robert V. Santangelo, J.
This is a motion for summary judgment pursuant to CPLR 3212 as well as for the dismissal of the affirmative defense interposed and contained in the answer of the defendant.
The court is called upon to decide whether a settlement had between the parties in open court is without effect and not binding upon the City of New York where the Comptroller or his representative from that office gave no approval of that settle *760 ment but the Assistant Corporation Counsel gave assent and approval. The issue involved herein arose under the following circumstances:
The attorney for the plaintiff and the Assistant Corporation Counsel requested that this cause of action be added to the Trial Calendar of this court, Part 8, on September 14,1964. This court was presiding in said part, which was a “ blockbuster ” part, systematically invoked in the courts for the purpose of relieving court congestion of pending cases. On the first day of the term the Corporation Counsel’s office was represented by Messrs. Katz and Bianchi, of the Corporation Counsel’s office, and Mr. Sullivan of the Comptroller’s office. The court added this case to its calendar at the request of the Corporation Counsel and the attorney for the plaintiff for the purpose of settlement.
The Corporation Counsel stated that this case was being settled by them for $1,500 with the approval of his superior, Mr. Hennessey. The Comptroller’s representative, Mr. Sullivan, did not participate in the settlement by giving his approval but was informed of the settlement by the Corporation Counsel. He voiced no disapproval of that settlement to the court.
The attorney was advised by the Corporation Counsel to send all necessary data to the Corporation Counsel’s office such as photographs of the accident site, medical bills, releases, stipulations of discontinuance, all of which was duly done by the plaintiff. After 43 days the defendant returned the settlement papers with an accompanying letter that the settlement had been rejected.
The court is satisfied that there was no mistake, fraud or coercion in entering this agreement of settlement between the representatives of the parties herein. The Corporation Counsel did not notify the court that this agreement of settlement needed the expressed consent of the Comptroller. On the same day’s calendar there were other cases settled by the Corporation Counsel without the Comptroller’s representative expressly approving them.
On the same calendar there was another pending case, Falcone v. City of Few York (D-4253½). Upon the call of the calendar this case was adjourned to obtain the approval of the Comptroller because the settlement was for $3,500. The court did not accept this settlement until the Corporation Counsel informed the court that the Comptroller had approved it.
It was the understanding of the court that the Corporation Counsel could settle all cases provided the settlement was not in excess of $1,500, and the court was not told that the Comptroller had approved or disapproved these settlements.
*761 This case had been heretofore settled for $1,500 during a trial before the Hon. Arthur Klotz. It was brought to the attention of the court that in that trial the jury had retired for deliberation and that it was settled on the record in the absence of the jury. After the said settlement was recorded in the record, the Corporation Counsel was informed by the court that the jury had reached a verdict, whereupon Mr. Grant, the Assistant Corporation Counsel, objected and stated that he would not have come to a settlement if he had known that the jury was about to report its verdict. Judge Klotz permitted the jury to report its verdict over the objection of the plaintiff. The jury found for the defendant.
Upon motion to set aside the verdict of the jury in behalf of the defendant, the court denied the plaintiff’s motion to disband its reporting the verdict. Subsequently the court reviewed this situation and concluded it was erroneous in having denied the plaintiff’s motion. The court set aside the jury verdict and directed a new trial unless the defendant complied with the stipulation of settlement in the amount of $1,500.
Subsequently the parties stipulated to restore the case to the Trial Calendar for September 14, 1964, on which date it was added to the Trial Calendar in Part 8. This court accepted the settlement of $1,500 offered by the city and accepted by the plaintiff. This court is satisfied that the settlement was unconditional and without reservation. The court noted on the calendar sheet that it was approved by Mr. Hennessey, the superior of the Assistant Corporation Counsel in court. Nothing was stated that it had to be approved by the Comptroller. The Comptroller’s representative was apprised of the settlement by the Assistant Corporation Counsel but he did not object to the court that it be accepted.
It appears this is a contract action to enforce the settlement of $1,500 and offer of settlement made by the legal representatives of the City of New York and accepted by the plaintiff. There is no legal defense to this action. The city has given no justifiable reason why this settlement should not be honored by it. To contend that the Comptroller did not approve it when his representative was present, knew of it and was especially assigned to the part to facilitate settlements and he made no objection to it nor did he inform the court that he was not assigned to this added case on the calendar, would make a mockery of the machinery of the true administration of justice in the courtroom and would impede and hinder the settlement of agreements openly arrived at and intentionally entered into between the parties. The affirmative defense interposed by the *762 defendant is without merit, as it pertains only to actions involving damages for injuries to real or personal property.
Accordingly, judgment is rendered in behalf of the plaintiff and the Clerk is directed to enter judgment against the defendant for $1,500 as agreed upon between the parties in open court, without interest, costs or disbursements.